UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIARA HARRIS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-01084-SRC |
| ) | |
| SAFECO INSURANCE COMPANY OF ILLINOIS, ) | |
| Defendant. ) | |

### DEFENDANT SAFECO'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL OF PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, Safeco Insurance Company of Illinois ("Safeco") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff Tiara Harris's Complaint for failure to state a claim upon which relief can be granted. In the alternative, Defendant requests relief under Rule 12(e) of the Federal Rules In support of this Motion, Defendant states as follows:

### I.  INTRODUCTION

Plaintiff's Complaint, despite making over 90 allegations, fails to clearly allege facts showing that she complied with the conditions precedent under the insurance policy. By selectively pleading facts, Plaintiff creates confusion around her alleged compliance with policy obligations, particularly regarding her cooperation in Safeco's investigation, and participation in an examination under oath and document production.  Accordingly, Defendant moves to dismiss.

1. On August 7, 2024, Plaintiff filed her Complaint against Safeco alleging breach of contract and vexatious Refusal arising out of an underinsured motorist claim under an insurance policy issued by Safeco.

2. Said policy includes conditions precedent to recovery that must be performed by the insured before filing suit.

> \*\*\*
> **Part E – DUTIES AFTER AN ACCIDENT OR LOSS**
> B.  A person seeking any coverage must:
> 1. Cooperate with the investigation, settlement or defense of any claim or suit.
> 2. Promptly send us copies of any notes or legal paper received in connection with the accident or loss.
> 3. Submit, as often as we reasonably require:
> a. to physical examinations by physicians we select.  We will pay for these exams.
> b. to examination under oath and subscribe to the same.  We may examine any insured separately and apart from the presence of any other insured.
>
> \*\*\*

3. The Policy also states Safeco can deny coverage to an insured who conceals any material fact or circumstance:

> \*\*\*
> FRAUD
> We may deny coverage for an accident or loss if you or an insured concealed, or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, and connection with the presentation or settlement of a claim.
> \*\*\*

4. The policy also explicitly states an insured is barred from filing suit against Safeco until all conditions precedent have been met.

> \*\*\*
> LEGAL ACTION AGAINST US

2

> No legal action may be brought against us until there has been full compliance with all the terms of this policy.
> ***

5. In her complaint, Plaintiff makes over 90 averments and yet by design or by inadvertence she fails to plead facts sufficient to show she complied with these conditions' precedent—specifically, that she cooperated in Safeco's investigation, timely executed authorizations for her medical records and bills and sat for an Examination Under Oath, answering all questions Safeco deemed material to her claim before she filed suit.

6. Defendant denies Plaintiff met the conditions precedent of her policy but read as a whole, the Complaint is unclear which conditions precedent, if any, Plaintiff alleges she complied with and when—both of which are relevant to Plaintiff's claim and Safeco's available defenses.

7. For instance, Plaintiff alleges that she completed all conditions of the policy with her October 12, 2023 demand (Complaint ¶28) but appears to assert later in her Complaint that she did not provide Safeco with HIPAA-compliant medical authorizations until months later. (Complaint ¶44).

8. Still later in her Complaint, Plaintiff avers that on March 14, 2024, Safeco requested her to sit for "examination under oath" (Complaint ¶ 52), triggering a condition precedent, but she does not aver she actually submitted to an EUO, rather:

> a. "the circumstances of the subject motor-vehicle collision and the injuries of Plaintiff sustained as a result were **discussed**." (Complaint, ¶57)
> b. Safeco's attorney "had the ability to **ask** Plaintiff any question she deemed relevant and/or necessary." (Complaint, ¶58)
> c. "[n]o person prohibited…Safeco's attorney from asking all non-privileged questions of Plaintiff she deemed relevant and/or necessary" (Complaint, ¶59).

3

      d.      "*Defendant Safeco's attorney …asked all of the non-privileged questions" she deemed relevant and/or necessary to Defendant Safeco's evaluation of Plaintiff's underinsured-motorist claim.*" (Complaint, ¶60)

9.      But under the plain and ordinary meaning of the words in Plaintiff's Complaint, there are not facts show the Plaintiff submitted to the EUO and thereby performed the condition precedent by actually answering the questions posed by Safeco's attorney.

10.      In fact, applying the plain and ordinary words of the Plaintiff's Complaint, she tacitly admits to asserting privilege during the EUO, which is, as a matter of Missouri law, fatal to her claim.

11.      Further, Plaintiff failed to plead any facts sufficient to show Safeco waived the right to take her examination under oath unimpaired by the involvement of counsel and concealment of the insured under the banner of "privilege".

12.      Safeco acknowledges Plaintiff is the master of her own Complaint and can plead facts as she asserts them to be true, however, her Complaint is so verbose and complex and nuanced to render several meaningful allegations—allegations central to her claim as well as Safeco's defenses— so vague and ambiguous that Safeco cannot, in good faith directly and succinctly respond.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must plead sufficient factual matter to state a plausible claim for relief. Conclusory statements or mere recitations of the elements of a claim are insufficient. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

4

The Court ordinarily will not consider materials outside of the pleadings, but "[in] a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017).

Missouri law requires strict compliance with conditions precedent before any contractual obligations arise, particularly in insurance policies. Goodman v. Allstate Fire & Cas. Ins. Co., No. 22-00383-CV-W-GAF, 2023 WL 5667909. See also McClune v. Farmers Ins. Co., Inc., 12 F.4th 845, 849 (8th Cir. 2021).

The relevant contract of insurance central to this dispute has multiple conditions precedent set forth throughout the policy. Moreover, Missouri law delineates between those conditions precedent that are a bar to recovery, as a matter of law, and those that require the insurer show resulting prejudice. As such, a statement that conditions precedent may not always be acceptable under the Federal Rules where there is a conflict within the four corner of the Complaint that give rise to questions regarding the performance of conditions precedent. Twombly at 555.

### III. ARGUMENT

Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." Keveney v. Missouri Military Acad., 304 S.W.3d 98, 104 (Mo.2010) (en banc) (citation omitted).

Thus, under Missouri law, satisfaction of all conditions precedent is an essential element of Plaintiff's claim for breach of contract. Her complaint must therefore allege satisfaction of all conditions precedent. HBE Corp. v. Arch Specialty Ins. Co., No. 4:14-CV-1454-CEJ, 2015 WL 252291, at *2 (E.D. Mo. Jan. 20, 2015).

Plaintiff's policy with Safeco includes conditions precedent to recovery that must be performed by the insured before filing suit.

> \*\*\*
> **Part E – DUTIES AFTER AN ACCIDENT OR LOSS**
> B.  A person seeking any coverage must:
> 1. Cooperate with the investigation, settlement or defense of any claim or suit.
> 2. Promptly send us copies of any notes or legal paper received in connection with the accident or loss.
> 3. Submit, as often as we reasonably require:
> a. to physical examinations by physicians we select.  We will pay for these exams.
> b. to examination under oath and subscribe to the same.  We may examine any insured separately and apart from the presence of any other insured.
>
> \*\*\*

In addition to requiring the insured sit for an examination under oath, the Policy provides that if an insured conceals any material fact or circumstance, coverage is void:

> \*\*\*
> FRAUD
> We may deny coverage for an accident or loss if you or an insured of concealed, or Miss represented any material fact or circumstance, or engaged in fraudulent conduct, and connection with the presentation or settlement of a claim.

The policy further states an insured is barred from filing suit against Safeco until all conditions precedent have been met.

6

> \*\*\*
> LEGAL ACTION AGAINST US
> No legal action may be brought against us until there has been full compliance with all the terms of this policy.

Missouri courts have consistently held these types of policy provisions are valid and enforceable and that a plaintiff must demonstrate compliance with them in order to trigger an insurer's obligation to pay. Missouri courts have consistently held that a plaintiff must demonstrate compliance with the cooperation clause to trigger an insurer's obligation to pay. As the court in Goodman v. Allstate (above) set forth, failure to comply with a policy's cooperation clause, including answering material questions during an EUO, is a material breach of the insurance contract and precludes recovery. McClune v. Farmers Ins. Co., Inc., 12 F.4th 845, 849 (8th Cir. 2021). State Farm Fire & Cas. Co. v. Rogers, No. 6:19-CV-03336-SRB, 2020 WL 877815, at *4 (W.D. Mo. Feb. 21, 2020).

In fact, Missouri courts have explicitly held that an insured's failure to submit to an examination under oath (under claims of privilege or otherwise) is a total bar to recovery. State Farm Fire & Cas. Co. v. Rogers, No. 6:19-CV-03336-SRB, 2020 WL 877815, at *4 (W.D. Mo. Feb. 21, 2020) "By refusing to submit to examinations and supply the requested documents, Defendants prevented State Farm from obtaining the material information it needed to complete a fair, full, and timely investigation of the claim and determine its obligations under the Policy. Such a refusal to cooperate is "clearly prejudicial." Id.

Here, Plaintiff makes over 90 averments in her Complaint and yet by design or by inadvertence she fails to clearly and concisely plead facts sufficient to show she complied with the conditions precedent of her policy agreement with Safeco at all, or when or prior to filing suit.

7

For instance, Plaintiff alleges that she completed all conditions of the policy with her October 12, 2023 demand (Complaint ¶28) but appears to assert later in her Complaint that she did not respond to Safeco's demand (a condition precedent) for HIPAA-compliant medical authorizations until much later. (Complaint ¶44).

Still later in her Complaint, Plaintiff avers that on March 14, 2024, Safeco requested her to sit "examination under oath" (Complaint ¶ 52), triggering another condition precedent, but she does not aver she actually sat for the EUO.

Instead, she makes multiple vague averments about having a "discussion" with Safeco and her attorney during a Zoom meeting and "no one prohibiting" Safeco's attorney from asking all the "non privileged" questions Safeco's attorney wanted.  See Complaint, ¶57-60).

Not only does she make her compliance unclear but applying the plain and ordinary meaning of the words in her Complaint, it appears Plaintiff admits she did not submit to an EUO and instead had "a discussion" with Safeco's attorney and Plaintiff's attorney where the rules of civil procedure and privilege were invoked.

Under the law, if this is fact of the matter asserted, then said averment is fatal to her claim for breach of contract and vexatious refusal—absent waiver, which Plaintiff also failed to plead— Plaintiff's Complaint should be dismissed.

## IV. CONCLUSION

Reading the allegations of Plaintiff's Complaint in totality and in her favor, Plaintiff either admits she did not fulfill all of the conditions precedent to recovery before filing—siting for an EUO, for one; OR she is sufficiently unclear as to whether she did, such that Defendant and this

8

Court are left to guess or surmise. Either reading of the Complaint renders it insufficient to state a claim for relief and Safeco respectfully requests it be dismissed.

## V. ALTERNATIVE REQUEST

Alternatively, if the Court finds that dismissal is not warranted, Safeco respectfully requests that Plaintiff be required to amend her Complaint to clarify her allegations regarding compliance with the policy's conditions precedent under Rule 12(e).

Respectfully Submitted,

**RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION L.L.C.**

_____
Ellen Jean Brooke                    #58901MO
500 N. Broadway, Suite 1550
St. Louis, Missouri 63102
(314) 421-4430
(314) 421-4431 (FAX)
E-Mail: ebrooke@rssclaw.com
*Attorney for Defendant Safeco Insurance Co*

## CERTIFICATE OF SERVICE

The undersigned further certifies that on this 11th day of September, 2024, the foregoing was electronically filed with the Court to be served upon the following via the Courts electronic case filing system:

Brandon Rahimi
Goldblatt & Singer
8182 Maryland Ave Suite 801
St. Louis, MO 63105
brahimi@stlinjurylaw.com
***Attorney for Plaintiff***

/s/ Ellen Jean Brooke

9