**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TIARA HARRIS, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) Cause No. 4:24-CV-01084-SRC |
| SAFECO INSURANCE COMPANY OF ILLINOIS | ) ) ) ) |
| *Defendants*. | ) **JURY TRIAL DEMANDED** ) ) |

**PLAINTIFF'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO DEFENDANT SAFECO INSURANCE COMPANY OF ILLINOIS'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND 12(e)**

COMES NOW, Plaintiff Tiara Harris, by and through undersigned counsel, and for her Suggestions in Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows to the Court:

**INTRODUCTION**

This current cause of action arises out of Defendant's breach of their contract for underinsured motorist coverage with Plaintiff Tiara Harris. The collision which gave rise to her injuries, which form the basis of her underinsured-motorist claim, occurred on February 22, 2023 in the County of St. Louis, State of Missouri. Automobile insurance policy #Z5185484 – which included the aforementioned underinsured-motorist coverage – was also sold to Plaintiff by Defendant in the County of St. Louis, State of Missouri (hereinafter referred to as, "the policy").

Plaintiff settled her claim for injuries against the at-fault motorist for the $25,000.00 state minimum limit of his applicable liability policy on July 11, 2023. However, at the time Plaintiff settled her liability claim with the at fault motorist, her damages greatly exceeded that $25,000.00 limit. Therefore, Plaintiff

1

subsequently pursued her claim for underinsured-motorist benefits under her policy with Defendant. Since due demand to Defendant under the claim for underinsured-motorist coverage, Defendant has failed to pay Plaintiff under the contractual terms of the policy. As a result, Plaintiff filed her Petition for breach of contract and vexatious refusal to pay, on August 5, 2024.

Shortly thereafter, Defendants filed their Motion to Dismiss pursuant to Federal Rule 12(b)(6), and apparently, Rule 12(e). The basis of Defendants Motion to Dismiss appear to be centered around their allegation that Plaintiff did not properly plead sufficient facts to show she complied with the following conditions precedent – specifically, that:

1) She cooperated in Safeco's investigation;
2) She timely executed authorizations for her medical records and bills; and
3) Sat for an examination under oath.

*See* Defendant's Motion to Dismiss, ¶5 (Doc. #14).

However, a simple reading of the petition will show that all of the above were clearly and concisely plead, and therefore the Motion to Dismiss carries no merit; Defendant's Motion is another transparent attempt to continue to delay and frustrate Plaintiff's claim. For the reasons set forth in Plaintiff's Response and Suggestions in Opposition below, this Court should deny Defendant's Motion in its entirety.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1, (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance… dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff

will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id*. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. In considering the complaint, the Court is to accept all factual allegations as true.

Regarding a motion to strike, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f) . . . [s]triking a party's pleading is . . . a disfavored and extreme measure." *BJC Health Sys. v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).

## **ARGUMENT**

**I.  PLAINTIFF AFFIRMATIVELY AND EXPLICITLY PLEADS COOPERATION IN HER COMPLAINT.**

Defendant's position that Plaintiff failed to sufficiently plead her cooperation with Defendant under the terms of her insurance policy fails upon a simple reading of paragraphs 28, 70, 71, and 72 of Plaintiff's Complaint, and any assertion otherwise is a complete misrepresentation to this Court. Said paragraphs are referenced, verbatim, below:

> "28.  Plaintiff performed all of the conditions precedent under the terms of said automobile insurance policy…"
>
> "70.  Plaintiff has cooperated with the investigation of her underinsured-motorist claim."
>
> "71.  Plaintiff has performed all of the conditions precedent under the terms of said automobile insurance policy…"
>
> "72.  Plaintiff has performed all duties after an accident or loss as prescribed under the Policy."

*See* Plaintiff's Complaint, ¶¶ 28, 70-72 (Doc. #1).

Therefore, this Court can see that Plaintiff as affirmatively pled that she "performed all of the conditions precedent," that she has "cooperated with the investigation," and that she has "performed all

3

duties after an accident or loss as prescribed under the policy." These allegations are clearly written within the four corners of the complaint, and must be assumed true and construed in favor of the Plaintiff at this motion to dismiss stage. Defendant's Motion blatantly and intentionally disregards what is written in black and white in the Complaint.

Not only does she *explicitly* plead her cooperation under the policy with Defendant and that she performed all conditions precedent, but she also then chronologically alleges specific instances of her cooperation, in paragraphs 29 – 69. For the sake of the reader, Plaintiff will not reiterate each and every allegation which demonstrates her extensive cooperation with Defendant over the course of the claim's history in this responsive filing. However, upon this Court's review of the Complaint, it will find that Plaintiff's allegations 29-60 recount her demands made to Defendant where all medical records and bills were provided, the fact that she provided a recorded statement to Defendant's representatives, that she provided Defendant HIPAA compliant authorization on not one – but two – separate occasions, and that she even sat for an examination under oath. *See* Plaintiff's Compliant, ¶¶29-69 (Doc. #1). At no point in the lifetime of this underinsured-motorist claim, has Plaintiff refused to comply with any of Defendant's requests, nor does Defendant allege that in their Motion to Dismiss.

As this Court can see, taking all of Plaintiff's allegations in her Complaint as true, sufficient factual allegations have been plead showing that Plaintiff has cooperated with Defendant in their investigation of this claim and performed the conditions precedent under the policy. As such, Defendant's Motion to Dismiss, specifically as to the argument that Plaintiff failed to properly plead her cooperation, is without merit.

**II.     DEFENDANT'S ASSERTION THAT PLAINTIFF FAILED TO ALLEGE SHE TIMELY EXECUTED AUTHORIZATIONS AS A BASIS OF A MOTION TO DISMISS IS BOTH MERITLESS AND FLAWED.**

Again – this current Motion to Dismiss is nothing more than a blatant intentional disregard of what is written within the four corners of the Petition, in an attempt to delay and frustrate Plaintiff's claim. It is also filled with flagrant and utter misrepresentations to this Court.

4

In Defendant's Motion to Dismiss, paragraph 5, it is alleged that "Plaintiff…fails to plead that she complied with these conditions' precedent – specifically, that she…*timely executed authorizations for her medical records and bills*[.]" *See*, Defendant's Motion to Dismiss, ¶5 (Doc. #14). This argument, as a basis to dismiss Plaintiff's complaint, is flawed for the following reasons.

    a) <u>Plaintiff affirmatively pleads that she complied with the Defendant's request for medical authorizations on not one – but two – occasions.</u>

This is yet another example of Defendants aiming to plainly misrepresent to the Court what is written in black and white within the Petition itself. Plaintiff will refer this Court to the following paragraphs:

> "38.   On December 11, 2023, Defendant Safeco requested executed authorizations from Plaintiff, so that Defendant could obtain records, bills, and films directly."
>
> "39.   On December 12, 2023, Plaintiff provided Safeco HIPAA compliant authorizations for all relevant medical providers who rendered treatment…pursuant to Defendant Safeco's request."

Plaintiff's Complaint, ¶¶38-39 (Doc. #1).

Furthermore, Plaintiff alleges in later paragraphs, that she provided Defendant with authorizations a second time pursuant to their request, just three months later. *See* Plaintiff's Complaint, ¶¶43, and 48 (Doc #1).[1]

Therefore, this Court can see that Plaintiff affirmatively pled that Defendant Safeco requested executed HIPAA compliant authorizations on December 11, 2023. It is then explicitly pled that Plaintiff provided executed authorizations pursuant to Defendants request, *within 24 hours*, on December 12, 2023. It is also plead that a second request for the BJC authorization was complied with in March. Plaintiff affirmatively pleads both the conclusion that she complied with the requests for medical authorizations,

---

[1] Plaintiff was contacted by Defendant within a few months after providing her first set of HIPAA compliant authorizations. It was represented to Plaintiff by Defendant, that BJC (one of Plaintiff's providers) would not accept the authorization previously provided, because it contained an electronic signature, and not an ink signature. As a result, Defendant requested Plaintiff re-sign the authorization in ink. Plaintiff complied with this request, and sent the authorization back to Defendant on March 18, 2024.

5

and also the facts which support that conclusion. Any assertion that Plaintiff failed to plead compliance with timely execution of medical authorizations is unreasonable at best.

> b) <u>"Timely execution of medical authorizations" appears nowhere within the contract for insurance as a "condition precedent" anyway, therefore - *even if Plaintiff failed to alleged that she did execute the authorizations* – it could not possible be used as a basis for dismissing Plaintiff's Complaint.</u>

*Even if* Plaintiff failed to properly plead that she timely provided HIPAA compliant authorizations to Defendant (which she clearly did not), using that as a basis to dismiss her claim is not permitted under the contract. The contract itself explicitly lists the conditions precedent which Plaintiff must comply with under the terms of the policy, and no where within those conditions does it speak to production of HIPAA compliant authorizations or even a time frame in which they must be provided upon a request.

Defendant themselves included the specific language from the policy itself regarding the conditions precedent, or "duties after an accident or loss." *See* Defendant's Motion to Dismiss, ¶ 2 (Doc. #14). Despite the fact that their argument seeks to admit extraneous matters outside of what is contained in the four corners of Plaintiff's Complaint (which must be ignored by the Court at this stage, and more akin to a motion for summary judgment after discovery has been conducted), it clearly can't be used as a basis for a Motion to Dismiss, because it doesn't prescribe any conduct related or that Plaintiff must follow in regards to requests for authorizations.

Defendant's Motion to Dismiss should be denied as to this point. Not only does Plaintiff affirmatively plead the facts sufficient to allege timely compliance with medical authorization requests on two occasions, but the extrinsic evidence Defendant seeks to use as a basis to dismiss on this point speaks nothing of this topic as a requirement under the contract.

**III.   PLAINTIFF AFFIRMATIVELY AND EXPLICITLY PLEADS SUFFICIENT FACTS DEMONSTRATING SHE SAT FOR AN EXAMINATION UNDER OATH.**

> a) <u>The affirmative pleading of submitting an "examination under oath."</u>

6

In yet the latest misrepresentation Defendant makes to this Court, is the assertion that Plaintiff failed to plead that she submitted to an examination under oath. Specifically, Defendant's Motion to Dismiss argues: "Plaintiff avers that on March 14, 2024, Safeco requested her to sit for an 'examination under oath' (Complaint ¶52), triggering a condition precedent, but she does not aver she actually submitted to an EUO[.]" Defendant's Motion to Dismiss, ¶ 8 (Doc. #14).

Plaintiff simply refers this Court to paragraph 56 of her Complaint:

> "56.   Plaintiff submitted to Defendant Safeco an 'examination under oath' taken by attorney Amy Simkins via Zoom on April 24, 2024."

Plaintiff's Complaint, ¶ 56 (Doc. #1).

It simply can not be written any clearer than that. Plaintiff has plead sufficient facts alleging she submitted to an examination under oath, and has even included factual allegations regarding the date on which it occurred, and the representative of Defendant who took this examination. Defendant's Motion to Dismiss as to this point must be denied.

> b) Defendant's argument that Plaintiff's inclusion of the term "non-privileged" in paragraphs addressing the examination under oath requires dismissal of Plaintiff's Complaint requires this Court to disregard the required academic reading of the Complaint and deference given to Plaintiff at this Motion to Dismiss stage.

The law is clear and long established, as it relates to the purpose of a Motion to Dismiss, and the standard that applies. The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1, (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendants is arguing that the inclusion of the term "non-privileged" as it applies in the context of Plaintiff's examination under oath, requires this Court to assume or read into the Complaint, an implication that is *not specifically included in the language of the Complaint itself.* This argument ignores the deference that Plaintiff is entitled to at this stage (i.e. the language of the

7

Complaint and facts itself, are construed as true in favor of the Plaintiff). Plaintiff's allegation that Defendant was permitted to ask all non-privileged questions during the examination under oath *does not* require this Court to assume this implies Defendant was *not permitted* to ask *privileged questions*. Nor is that allegation actually asserted in Defendant's Motion.

Again, this argument requests this Court assume facts that are not alleged, and interject them into the Complaint in contradiction of the plain words that are plead. Allowing Defendant to assume the converse of an allegation as written is supported no where in the litany of case law on the standards of a motion to dismiss under 12(b)(6), and how those rules apply to a reading of Plaintiff's Complaint.

## **CONCLUSION**

As this Court can see, given the arguments raised above in contradiction of Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6), their Motion must be denied on all three points. Not only has Plaintiff affirmatively and explicitly plead every condition precedent, but she has also plead the specific facts that support those allegations. Any claim otherwise is simply an intentional misrepresentation to this Court about what is actually contained within the complaint itself, in an attempt to continue to frustrate and deny Plaintiff's claims. Indeed – no other motive could be reasonably conceived of in this instance, as the very allegations Defendant claims are absent from the complaint, appear in black and white.

**WHEREFORE,** Plaintiff Tiara Harris hereby requests this Court DENY Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) and 12(e) in its entirety, and for all other orders this Court deems just and proper under the circumstances.

Respectfully Submitted

GOLDBLATT + SINGER

*/s/ Brandon P. Rahimi*
Brandon Pierce Rahimi, #71290
8182 Maryland Ave., Suite 801
Clayton, MO 63105
(314) 231-4100 (Tel.)
(314) 241-5078 (Fax)
brahimi@stlinjurylaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was filed electronically via the Court's CM/ECF system this **18th** day of **September, 2024**, which will send a copy to all parties and counsel with entries of appearance on record.

    Respectfully Submitted

    GOLDBLATT + SINGER

    /s/ Brandon Pierce Rahimi
    Brandon Pierce Rahimi, #71290
    8182 Maryland Ave., Suite 801
    Clayton, MO 63105
    (314) 231-4100 (Tel.)
    (314) 241-5078 (Fax)
    brahimi@stlinjurylaw.com

    ATTORNEY FOR PLAINTIFF